UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

 LYNDA G. DODD,

       Plaintiff,

   - against -      17 Civ. 9932 (PAE)

 THE CITY UNIVERSITY OF NEW YORK,
 VINCENT BOUDREAU, BRUCE CRONIN,
 and JOHN KRINSKY.

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**PLAINTIFF'S PROPOSED INSTRUCTIONS TO
THE JURY AND REQUESTS TO CHARGE**

Plaintiff, Lynda G. Dodd, by and through her attorneys Vladeck, Raskin and Clark P.C., submits the proposed jury instructions to be given to the jury in this action.

Plaintiff respectfully requests leave to submit revised or additional requested jury instructions based upon the evidence adduced at trial. In addition, plaintiff requests leave to submit revised or additional requested instructions to conform to any rulings of law the Court may render during the course of these proceedings.

Plaintiff reserves her right to propose modifications to the sequence and/or substance of the charges at or before the charging conference.

1

## REQUESTED INSTRUCTION NO. 1
### (Juror Use of Technology, to be Given Before Trial)

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or institutions involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I know that many of you use cell phones, Blackberries, the Internet and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, on Twitter, through any blog or website, including Facebook, Instagram, Tik Tok, Google+, My Space, LinkedIn, YouTube, or any podcast. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

**Source:** Kevin F. O'Malley et al., <u>Federal Jury Practice and Instructions-Civil</u> § 101:13 (6th ed.), Westlaw (database updated February 2021) (hereinafter referred to as "<u>FJIP</u>")

1154306 v1

<u>**REQUESTED INSTRUCTION NO. 2**</u>
**(Jury Instructions, General Introduction)**

Members of the jury, we have now reached that point where you are about to begin your final function as jurors, which, as you all appreciate, is one of the most important duties of citizenship in this country.

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. My instructions will be in five parts:

**First,** I will provide you with general introductory instructions on the role of the Court and the jury, and the burden of proof.

**Second,** I will describe the law to be applied to the facts as you find them based on the evidence.

**Third,** I will instruct you on damages.

**Fourth,** I will give you instruction on how to evaluate of evidence.

**Fifth,** and finally, I will instruct you on the deliberations.

I will provide each of you with a copy of these instructions before you deliberate.

It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but rather consider these instructions as a whole when you retire to deliberate.

If an attorney has stated a legal principle that is different from any that I state to you in my instructions, you must follow my instructions.

You should not be concerned about the wisdom of any rule that I state. Regardless of any opinion you have about what the law may be or ought to be, it would be a violation of your oath to base your verdict on any view of the law other than that which I give you.

3

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

**Source:** FJIP § 103:01.

## REQUESTED INSTRUCTION NO. 3
### (Impartiality)

A lawsuit is a civilized method of determining differences between parties. It is basic to the administration of any system of justice that the decision on both the law and the facts is made fairly and honestly. You, as jurors, and I, as the Judge, have a heavy responsibility—to ensure that a just result is reached in deciding the differences between the Plaintiff and the Defendants in this case. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict.

> **Source:** Hon. David Demarest et al., New York Pattern Jury Instructions-Civil § 1:36 (3rd ed.), Westlaw (database updated December 2020) (hereinafter referred to as "PJI"); FJIP § 103:01

<u>**REQUESTED INSTRUCTION NO. 4**</u>
**(Jury Function)**

As jurors, your fundamental duty is to decide, from all the testimony you have heard and other evidence that has been presented, what the facts are. You are the sole and exclusive judges of the facts.

You make determinations about the weight and importance of the evidence; you determine the credibility of the witnesses; you resolve any conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you have determined. In that field you are supreme, and neither I nor anyone else may invade your job to determine the facts.

As the sole judges of the facts, you must decide which of the witnesses you believed, what portion of their testimony you accepted, and what weight you give to it.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury. You, however, may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

**Source:** <u>PJI</u> § 1:37; <u>FJIP</u> §§ 101:10, 103:33.

## REQUESTED INSTRUCTION NO. 5
### (Burden of Proof)

This is a civil case. In a civil case, the plaintiff—in this case, Lynda Dodd—generally has the burden of proving her claims by a "preponderance of the evidence." In other words, if Professor Dodd proves each element of a claim by a preponderance of the evidence, you should find for Professor Dodd on that claim. In certain instances, Defendants bear this burden of proof for establishing certain defenses.

So, what does "preponderance of the evidence" mean? A fact is established by a "preponderance of the evidence" when the evidence, taken as a whole, shows that the fact is more likely true than not true. A preponderance means the greater weight of the evidence. This inquiry depends on the quality and persuasiveness of the evidence, not to the number of witnesses or exhibits. This standard does not require proof to an absolute certainty, because proof of an absolute certainty is seldom possible in any case.

In determining whether a claim has been proved by a preponderance of the evidence in this case, you may—unless otherwise instructed—consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have introduced them.

If, after considering the relevant evidence, you are satisfied that Professor Dodd has carried her burden on each essential point of a claim, then you must find in Professor Dodd's favor on that claim. If, after such consideration, you find that the evidence supporting an element is outweighed by the credible evidence against that element, or that the evidence on a given element is evenly divided—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against Professor Dodd. This is because Professor Dodd must prove more than simple equality of the evidence.

Professor Dodd, however, does not need to prove more than a preponderance. To that end, so long as you find that the scales tip, however slightly, in favor of Professor Dodd on a given element, then that element will have been proven by a preponderance of the evidence.

Some of you may have heard of proof "beyond a reasonable doubt," which is the proper standard of proof only in a criminal trial. That requirement does not apply to a civil case such as this, and you should put it out of your mind. The proper standard by which to consider Professor Dodd's claims is the preponderance of the evidence standard.

**Source:** FJIP §§ 104:01, 104:03, 104:04.

**REQUESTED INSTRUCTION NO. 6**
**(Charge on the Substantive Law- Introduction)**

I am now going to instruct you on the substantive law to be applied to Professor Dodd's specific claims. You should consider each claim separately and determine whether Professor Dodd has proved the elements of that claim by a preponderance of the evidence.

**Source:** FJIP § 104:01.

9

## <u>REQUESTED INSTRUCTION NO. 7</u>
### (Retaliation)

Professor Dodd asserts that Defendants retaliated against her in violation of the Rehabilitation Act, the ADA, the NYSHRL, and the NYCHRL. Those laws prohibit an employer from retaliating against an employee who has opposed conduct that the employee believes, in good faith, violates these laws.

Professor Dodd asserts that Defendants retaliated against her by denying her tenure and reappointment, as well as by engaging in a series of conduct that made it more difficult for her to work at City College and be successful with her tenure application and reappointment. Professor Dodd contends that Defendants did so because of her requests for reasonable accommodation and because she had opposed Defendants' discriminatory conduct by making internal complaints, retaining counsel, and then asserting claims in this case. To prevail on her retaliation claims, Professor Dodd must prove the following:

**First,** that she engaged in protected activity under these laws;

**Second,** that Defendants knew she engaged in protected activity under these laws;

**Third,** that Defendants engaged in conduct that might have dissuaded a reasonable worker from engaging in discrimination; and

**Fourth,** that the action Defendants took had a causal connection to Professor Dodd's protected activity.

> **Source:** N.Y. Exec. Law § 296(1)(e); N.Y.C. Admin. Code § 8-107(7)(i); <u>Burlington N. & Santa Fe Ry. Co. v. White</u>, 548 U.S. 53, 67-70 (2006); <u>Littlejohn v. City of New York</u>, 795 F.3d 297, 315-16 (2d Cir. 2015); <u>Zann Kwan v. Andalex Grp. LLC</u>, 737 F.3d 834, 843 (2d Cir. 2013); <u>Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.</u>, 715 F.3d 102, 112 (2d Cir. 2013); <u>Hicks v. Baines</u>, 593 F.3d 159, 164 (2d Cir. 2010); <u>Kessler v. Westchester Cty. Dep't of Social Servs.</u>, 461 F.3d 199, 206 (2d Cir. 2006); <u>Dodd v. City Univ.</u>

<u>of New York</u>, 489 F. Supp. 3d 219, 246 (S.D.N.Y. 2020); <u>Gordon v. City of New York</u>, No. 14 Civ. 6115 (JPO), 2018 WL 4681615, at *16 (S.D.N.Y. Sept. 28, 2018); <u>Sandler v. Montefiore Health Sys., Inc.</u>, No. 16-CV-2258 (JPO), 2018 WL 4636835, at *11-13 (S.D.N.Y. Sept. 27, 2018); <u>Lamarr-Arruz v. CVS Pharmacy, Inc.</u>, 271 F. Supp. 3d 646, 662 (S.D.N.Y. 2017); <u>Franco v. Hyatt Corp.</u>, 137 N.Y.S.3d 34, 37 (1st Dept. 2020); ; <u>Loc. 621 v. New York City Dep't of Transportation</u>, 111 N.Y.S.3d 588, 592 (1st Dept. 2019).

11

**REQUESTED INSTRUCTION NO. 8**
**(Retaliation: Discrimination Not Required -- Good Faith Belief)**

Professor Dodd does not have to prove that Defendants discriminated against her, including by denying her reasonable accommodations, in order to prove that Defendants retaliated against her. The laws prohibit an employer from retaliating against an employee who opposes conduct that the employee believes, in good faith, is discriminatory. Professor Dodd needs to show only that she had a reasonable good faith belief that Defendants' conduct violated these laws. Even if Professor Dodd's belief was incorrect, she is entitled to protection from retaliation so long as she reasonably believed Defendants' conduct was discriminatory or that she was entitled to a reasonable accommodation for her disability. In other words, even if you believe that the conduct Professor Dodd opposed was not, in fact, discriminatory or that she was not entitled to a reasonable accommodation for her disability, you may still find that Defendants are liable for retaliating against Professor Dodd for opposing that conduct.

> **Source:** Summa v. Hofstra Univ., 708 F.3d 115, 126 (2d Cir. 2013); Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 110-11 n.8 (2d Cir. 2010); Treglia v. Town of Manlius, 313 F.3d 713, 719 (2d Cir. 2002); Sumner v. U.S. Postal Serv., 899 F.2d 203, 209 (2d Cir. 1990); MacMaster v. City of Rochester, No. 05-CV-6509, 2009 WL 63045, at *5 (W.D.N.Y. Jan. 6, 2009); Sanders v. Madison Square Garden, L.P., 525 F. Supp. 2d 364, 366-67 (S.D.N.Y. 2007); Garba Casting Co. v. Mosquera, 953 N.Y.S.2d 564, 564 (1st Dept. 2012).

## REQUESTED INSTRUCTION NO. 9
### (Retaliation: Protected Activity)

To prove that she was engaged in protected activity, Professor Dodd must establish that she was opposing one or more of Defendants' practices that she believed were unlawful. Opposition is interpreted broadly. The laws protect activities such as: requesting a reasonable accommodation; informal protests of discrimination; making complaints to administrators or human resources about discrimination, whether in writing or orally; asserting and pursuing a potential discrimination claim; retaining an attorney to pursue potential claims of discrimination; having a lawyer send a letter asserting potential legal claims; filing a lawsuit alleging unlawful discrimination; and gathering information or evidence that could be used to support a complaint of discrimination.  All of these activities are protected from retaliation.

> **Source:** Crawford v. Nashville & Davidson Cty., 555 U.S. 271, 276-80 (2009); Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 91 (2d Cir. 2015); Rivera v. Rochester Genesee Reg'l Transp. Auth., 743 F.3d 11, 24 (2d Cir. 2014); Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 115 (2d Cir. 2013); Weixel v. Bd. of Educ. of City of New York, 287 F.3d 138, 149 (2d Cir. 2002); Gregory v. Daly, 243 F.3d 687, 700-01 (2d Cir. 2001); Dodd v. City Univ. of New York, 489 F. Supp. 3d 219, 246 (S.D.N.Y. 2020); Johnson v. J. Walter Thompson U.S.A., LLC, 224 F. Supp. 3d 296, 313 (S.D.N.Y. 2016); Dillon v. Ned Mgmt., Inc., 85 F. Supp. 3d 639, 659-60 (E.D.N.Y. 2015); Delville v. Firmenich Inc., 920 F. Supp. 2d 446, 464 (S.D.N.Y. 2013); Malena v. Victoria's Secret Direct, LLC, 886 F. Supp. 2d 349, 363-64 (S.D.N.Y. 2012); Albunio v. City of New York, 947 N.E.2d 135, 137-38 (N.Y. 2011); La Porta v. Alacra, Inc., 38 N.Y.S.3d 20, 22 (1st Dept. 2016).

## REQUESTED INSTRUCTION NO. 10
### (Retaliation: Knowledge)

To prove that President Boudreau and Professors Krinsky and Cronin knew of Professor Dodd's protected activity, Professor Dodd needs to show that the individual defendants either had personal knowledge of her protected activity or that they acted under the orders of a superior who had personal knowledge of her protected activity.

For you to find that CUNY knew of Professor Dodd's protected activity, Professor Dodd needs to show only that there was general knowledge by the institution of her protected activity. General institutional knowledge is established if CUNY, one of CUNY's agents, or one of CUNY's employees was aware that Professor Dodd had engaged in protected activity at the time CUNY retaliated against Professor Dodd.

> **Source:** Crawford v. Nashville & Davidson Cty., 555 U.S. 271, 276-80 (2009); Bamba v. Fenton, 758 F. App'x 8, 13 (2d Cir. 2018); Kwan v. Andalex Grp. LLC, 737 F.3d 834, 844 (2d Cir. 2013); Summa v. Hofstra Univ., 708 F.3d 115, 125-26 (2d Cir. 2013); Papelino v. Albany Coll. of Pharmacy of Union Univ., 633 F.3d 81, 92 (2d Cir. 2011); Henry v. Wyeth Pharm., Inc., 616 F.3d 134, 147-48 (2d Cir. 2010); Patane v. Clark, 508 F.3d 106, 115 (2d Cir. 2007); Kessler v. Westchester Cty. Dep't of Soc. Servs., 461 F.3d 199, 210 (2d Cir. 2006); Gordon v. New York City Bd. of Educ., 232 F.3d 111, 116-17 (2d Cir. 2000); Dodd v. City Univ. of New York, 489 F. Supp. 3d 219, 246 (S.D.N.Y. 2020) Hagan v. City of New York, 39 F. Supp. 3d 481, 502 (S.D.N.Y. 2014); Malena v. Victoria's Secret Direct, LLC, 886 F. Supp. 2d 349, 362 (S.D.N.Y. 2012); Krebaum v. Capital One, N.A., 29 N.Y.S.3d 351, 352–53 (1st Dept. 2016).

**PLAINTIFF'S REQUESTED INSTRUCTION NO. 11**
**(Retaliation: Adverse Action)**

In order to find for Professor Dodd on her retaliation claims, you must find that Defendants took adverse action against Professor Dodd because she engaged in protected activity. The standard for an adverse action is defined somewhat differently under the federal law and the NYSHRL, on one hand, and the NYCHRL, on the other hand.

Under federal law and the NYSHRL, an adverse action for a retaliation claim is any action that might discourage a reasonable employee from making or supporting a complaint of discrimination or from requesting a reasonable accommodation. Professor Dodd does not have to prove that it actually discouraged her from complaining or from requesting a reasonable accommodation.

The standard for adverse action under the NYCHRL is broader. Professor Dodd need only show that defendants took an action that is reasonably likely to deter a person from engaging in protected activity.

> **Source:** N.Y.C. Admin. Code § 8-107(7); <u>Burlington N. & Santa Fe Ry. Co. v. White</u>, 548 U.S. 53, 67-70 (2006); <u>Vega v. Hempstead Union Free Sch. Dist.</u>, 801 F.3d 72, 90 (2d Cir. 2015); <u>Tolbert v. Smith</u>, 790 F.3d 427, 435-36 (2d Cir. 2015); <u>Rivera v. Rochester Genesee Reg'l Transp. Auth.</u>, 743 F.3d 11, 25 (2d Cir. 2014); <u>Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.</u>, 715 F.3d 102, 112 (2d Cir. 2013); <u>Lore v. City of Syracuse</u>, 670 F.3d 127, 163 (2d Cir. 2012); <u>Kessler v. Westchester Cty. Dep't of Soc. Servs.</u>, 461 F.3d 199, 209 (2d Cir. 2006); Dodd v. City Univ. of New York, 489 F. Supp. 3d 219, 246, 268 (S.D.N.Y. 2020); <u>Gordon v. City of New York</u>, No. 14-CV-6115 (JPO), 2018 WL 4681615, at *16 (S.D.N.Y. Sept. 28, 2018); <u>Sandler v. Montefiore Health Sys., Inc.</u>, No. 16-CV-2258 (JPO), 2018 WL 4636835, at *13 (S.D.N.Y. Sept. 27, 2018); <u>Dillon v. Ned Mgmt., Inc.</u>, 85 F. Supp. 3d 639, 661 (E.D.N.Y. 2015); <u>Delville v. Firmenich Inc.</u>, 920 F. Supp. 2d 446, 459 (S.D.N.Y. 2013); <u>Williams v. Regus Mgmt. Grp., LLC</u>, 836 F. Supp. 2d 159, 175 n.148 (S.D.N.Y. 2011); <u>Franco v. Hyatt Corp.</u>, 137 N.Y.S.3d 34, 37 (1st Dept. 2020); <u>Williams v. N.Y.C. Hous. Auth.</u>, 872 N.Y.S.2d 27, 33-34 (1st Dept. 2009).

15

## REQUESTED INSTRUCTION NO. 12
### (Retaliation: Causation under the Rehabilitation Act, the ADA & the NYSHRL)[1]

Finally, in order to find for Professor Dodd on her retaliation claims, you must find that there is a causal link between Defendants' adverse actions and Professor Dodd's protected activity. The standard for making this finding that applies to Professor Dodd's federal law and NYSHRL retaliation claims is different from the standard that applies to Professor Dodd's NYCHRL retaliation claim. I will address each standard in turn.

To conclude the Defendants' adverse action was caused by Professor Dodd's protected activity under federal law and the NYSHRL, you must find that Defendants' adverse action would not have occurred if Professor Dodd had not engaged in protected activity. You need not find that Professor Dodd's protected activity was the only cause or sole cause for Defendants' adverse action. Even if you find that there are multiple causes or reasons for Defendants' adverse action, you must find in Professor Dodd's favor if you find that Professor Dodd's protected activity was a factor and that the actions such as denying her tenure or reappointment would not have occurred if Professor Dodd had not engaged in protected activity.

> **Source:** Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 388 (2013); Kirkland v. Cablevision Sys., 760 F.3d 223, 226-227 (2d Cir. 2014); Zann Kwan v. Andalex Grp. LLC, 737 F.3d 834, 844-47 & n.5 (2d Cir. 2013); Summa v. Hofstra Univ., 708 F.3d 115, 125-28 (2d Cir. 2013); Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 105-06, 110-111 (2d Cir. 2010); Dodd v. City Univ. of New York, 489 F. Supp. 3d 219, 247 (S.D.N.Y. 2020); Sandler v. Montefiore Health Sys., Inc., No. 16-CV-2258 (JPO), 2018 WL 4636835, at *13 (S.D.N.Y. Sept. 27, 2018).

---

[1] Plaintiff notes that there is uncertainty as to whether "but for" causation applies to retaliation claims under the NYSHRL. See Boonmalert v. City of New York, 721 F. App'x 29, 32 (2d Cir. 2018); Gordon v. City of New York, No. 14-CV-6115 (JPO), 2018 WL 4681615, at *16 n.10 (S.D.N.Y. Sept. 28, 2018). Plaintiff has drafted her proposed instruction assuming "but for" causation applies, but would welcome the opportunity to revise this instruction assuming the Court deems it more appropriate to use a motivating factor causation standard.

## REQUESTED INSTRUCTION NO. 13
### (Retaliation: Causation under the NYCHRL)

To find a violation of the NYCHRL, you need only find that Professor Dodd's protected activity played any role at all in Defendants' actions; you need not find that Professor Dodd's protected activity was Defendants sole or principal consideration. Professor Dodd need not show that defendants would not have acted absent Professor Dodd's protected activity. Even if you find that Defendants had strong and perhaps compelling reasons for their actions, you must find for Professor Dodd if you find that her protected activity played any role in, or contributed to, Defendants' decisions.

> **Source:** <u>Gorokhovsky v. N.Y.C. Hous. Auth.</u>, 552 F. App'x 100, 102 (2d Cir. 2014); <u>Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.</u>, 715 F.3d 102, 116 (2d Cir. 2013); <u>Zann Kwan v. Andalex Grp. LLC</u>, 737 F.3d 834, 850 (2d Cir. 2013); <u>Dodd v. City Univ. of New York</u>, 489 F. Supp. 3d 219, 269 (S.D.N.Y. 2020); <u>Sass v. MTA Bus Co.</u>, 6 F. Supp. 3d 238, 247 (E.D.N.Y. 2014); <u>Weiss v. JPMorgan Chase & Co.</u>, No. 06 Civ. 4402 (DLC), 2010 WL 114248, at *1 (S.D.N.Y. Jan. 13, 2010); <u>Cook v. Emblemhealth Servs. Co.</u>, LLC, 59 Misc. 3d 1209(A), 98 N.Y.S.3d 500 (N.Y. Sup. Ct.), <u>aff'd</u>, 167 A.D.3d 459, 87 N.Y.S.3d 478 (2018); <u>Franco v. Hyatt Corp.</u>, 137 N.Y.S.3d 34, 37 (1st Dept. 2020); <u>Suri v. Grey Glob. Grp., Inc.</u>, 83 N.Y.S.3d 9, 17 (1st Dept. 2018).

## REQUESTED INSTRUCTION NO. 14
### (Retaliation: Evidence of Causation)

To determine whether protected activity causes an adverse action, you may consider a variety of factors such as: whether Defendants' adverse action closely followed Professor Dodd's protected activity; whether Defendants treated those who had not engaged in protected activity differently from the way Defendants treated Professor Dodd. You may also consider comments or other evidence suggesting that Defendants' adverse action was done in response to Professor Dodd's protected activity including comments or other evidence suggesting anger or hostility about Professor Dodd's protected activity.

> **Source:** Kirkland v. Cablevision Sys., 760 F.3d 223, 227 (2d Cir. 2014); Zann Kwan v. Andalex Grp. LLC, 737 F.3d 834, 845 (2d Cir. 2013); Summa v. Hofstra Univ., 708 F.3d 115, 125-28 (2d Cir. 2013); Hicks v. Baines, 593 F.3d 159, 170 (2d Cir. 2010); Espinal v. Goord, 558 F.3d 119, 129 (2d Cir. 2009); Mandell v. Cty. of Suffolk, 316 F.3d 368, 383-84 (2d Cir. 2003); Gordon v. New York City Bd. of Educ., 232 F.3d 111, 117 (2d Cir. 2000); Dodd v. City Univ. of New York, 489 F. Supp. 3d 219, 247 (S.D.N.Y. 2020); Sandler v. Montefiore Health Sys., Inc., No. 16-CV-2258 (JPO), 2018 WL 4636835, at *13 (S.D.N.Y. Sept. 27, 2018).

## REQUESTED INSTRUCTION NO. 15
### (Retaliation: Causation and Denials of Knowledge)

Even if employees or agents of Defendants who participated in an adverse action deny knowledge of Professor Dodd's protected activity, you may still determine that Defendants' adverse actions were caused by Professor Dodd's protected activity. You are not required to believe the testimony of the agents or employees who deny knowledge of the protected activity. So long as you find, after considering all the evidence, that the circumstances evidence knowledge of Professor Dodd's protected activity, you may find that there is causal connection despite denials of knowledge by Defendants' agents or employees.

**Source:** Zann Kwan v. Andalex Grp. LLC, 737 F.3d 834, 845 (2d Cir. 2013); Papelino v. Albany Coll. of Pharmacy of Union Univ., 633 F.3d 81, 92 (2d Cir. 2011); Henry v. Wyeth Pharm., Inc., 616 F.3d 134, 147-48 (2d Cir. 2010); Kessler v. Westchester Cty. Dep't of Soc. Servs., 461 F.3d 199, 210 (2d Cir. 2006); Gordon v. New York City Bd. of Educ., 232 F.3d 111, 117 (2d Cir. 2000); Sandler v. Montefiore Health Sys., Inc., No. 16-CV-2258 (JPO), 2018 WL 4636835, at *13 (S.D.N.Y. Sept. 27, 2018)

## REQUESTED INSTRUCTION NO. 16
### (Retaliation: Pretext)

In determining whether Defendants retaliated against Professor Dodd, you can consider the reasonableness, or lack thereof, of Defendants' explanations for their actions, and any evidence that those explanations are weak or questionable. If you find that the reasons Defendants have given for their actions are weak, implausible, inconsistent, or contradictory, such a finding permits you to conclude that Defendants' explanations are not the real or complete reason for Defendants' actions and that Defendants' actions were in response to Professor Dodd's opposition to what Professor Dodd reasonably believed was unlawful discrimination.

You should also consider any other evidence relating to whether Defendants' actions were caused by Professor Dodd's protected activity. Such evidence includes factors such as: whether Defendants' adverse action closely followed Professor Dodd's protected activity; whether Defendants treated those who had not engaged in protected activity differently from the way Defendants treated Professor Dodd; whether Defendants departed from their regular practices or procedures in making employment decisions about Professor Dodd; comments or other evidence suggesting that Defendants' adverse action was done in response to Professor Dodd's protected activity; comments or other evidence suggesting anger or hostility about Professor Dodd's protected activity.

Professor Dodd need not prove that Defendants' reasons are false or played no role in Defendants' actions in order to prove retaliation. Even if Defendants' explanations for their actions against Professor Dodd are true, you may still find that Defendants' explanations are not the complete reason for their actions. Professor Dodd is not required to prove that her protected activity was the only cause of Defendants' actions, only that Defendants' adverse action would not have occurred had Professor Dodd not engaged in protected activity.

1154306 v1

**Source:** <u>Legg v. Ulster Cty.</u>, 820 F.3d 67, 75 (2d Cir. 2016); <u>Kirkland v. Cablevision Sys.</u>, 760 F.3d 223, 225-26 (2d Cir. 2014); <u>Kwan v. Andalex Grp. LLC</u>, 737 F.3d 834, 845-46 (2d Cir. 2013); <u>Summa v. Hofstra Univ.</u>, 708 F.3d 115, 130-31 (2d Cir. 2013); <u>Henry v. Wyeth Pharm., Inc.</u>, 616 F.3d 134, 156-57 (2d Cir. 2010); <u>Gorzynski v. JetBlue Airways Corp.</u>, 596 F.3d 93, 107-11 (2d Cir. 2010); <u>Dodd v. City Univ. of New York</u>, 489 F. Supp. 3d 219, 247-48 (S.D.N.Y. 2020); <u>Sandler v. Montefiore Health Sys., Inc.</u>, No. 16-CV-2258 (JPO), 2018 WL 4636835, at *13 (S.D.N.Y. Sept. 27, 2018); <u>Bagley v. J.P. Morgan Chase & Co.</u>, No. 10 Civ. 1592 (PGG), 2012 WL 2866266, at *12-16 (S.D.N.Y. July 12, 2012).

## REQUESTED INSTRUCTION NO. 17
### (Retaliation: Consider All Evidence as a Whole)

In determining whether Defendants retaliated against Professor Dodd, you must consider the evidence as a whole. This means you should not try to determine whether each of Defendants' actions would, on their own, constitute retaliation, or whether an individual piece of evidence would by itself prove that defendants acted unlawfully. Even if Defendants provide an innocent explanation for one of their actions, you may still find that, when put into the context of all of the evidence you heard, the action was motivated by unlawful retaliation.

> **Source:**   Rasmy v. Marriott Int'l, Inc., 952 F.3d 379, 393 (2d Cir. 2020); Davis-Garett v. Urb. Outfitters, Inc., 921 F.3d 30, 47 (2d Cir. 2019); Walsh v. New York City Hous. Auth., 828 F.3d 70, 76 n. 5 (2d Cir. 2016); Kaytor v. Elec. Boat Corp., 609 F.3d 537, 545 (2d Cir. 2010); Dodd v. City Univ. of New York, 489 F. Supp. 3d 219, 252 (S.D.N.Y. 2020); Refermat v. Lancaster Cent. Sch. Dist., No. 14-CV-0712-RJA-MJR, 2018 WL 3640220, at *4 (W.D.N.Y. Aug. 1, 2018); O'Toole v. Cty. of Orange, 255 F. Supp. 3d 433, 441 (S.D.N.Y. 2017).

## REQUESTED INSTRUCTION NO. 18
### (Individual Liability for Retaliation Claims)

President Boudreau and Professors Cronin and Krinsky are Defendants in this action along with CUNY.

If you find that President Boudreau and Professors Cronin and Krinsky engaged in retaliatory conduct towards Professor Dodd, you must find them liable for their own conduct.

Additionally, President Boudreau and Professors Cronin and Krinsky may be found liable for aiding and abetting unlawful conduct if you find that any defendant actually participated in any retaliatory action perpetrated by another defendant.

> **Source:** N.Y. Exec. Law § 296(6); N.Y.C. Admin. Code § 8-107(1)(a),(6); Doe v. Bloomberg, L.P., No. 8, 2021 WL 496608, at *4 (N.Y. Feb. 11, 2021); Littlejohn v. City of New York, 795 F.3d 297, 313-14 (2d Cir. 2015); Feingold v. New York, 366 F.3d 138, 157-58 (2d Cir. 2004); Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 74-75 (2d Cir. 2000); Dodd v. City Univ. of New York, 489 F. Supp. 3d 219, 268 (S.D.N.Y. 2020); Johnson v. Cty. of Nassau, 82 F. Supp. 3d 533, 536–39 (E.D.N.Y. 2015); Pryor v. Jaffe & Asher, LLP, 992 F. Supp. 2d 252, 257 (S.D.N.Y. 2014); Miloscia v. B.R. Guest Holdings LLC, 928 N.Y.S.2d 905, 916 (Sup. Ct. 2011), aff'd in part, 94 A.D.3d 563, 942 N.Y.S.2d 484 (1st Dept. 2012).

## REQUESTED INSTRUCTION NO. 19
### (Damages - Introduction)

I will now instruct you on the law for determining damages in this action. The fact that I am instructing you on the proper measure of damages should not be considered an indication of my view as to which party is entitled to your verdict on any of the claims in this case. Instructions on measuring damages are given for your guidance only in the event that you should find for Professor Dodd on any of her claims.

**Source:** FJIP § 106:02.

24

## REQUESTED INSTRUCTION NO. 20
### (Damages for Retaliation Claims Generally)

If you find for Professor Dodd on any of her retaliation claims against Defendants, then you should determine an amount that is fair compensation for her damages. The purpose of these laws is to make Professor Dodd whole—to put her in the same position she would have been in had Defendants not discriminated or retaliated against her.

> **Source:** N.Y. Exec. Law § 297(9); N.Y.C. Admin. Code § 8-502(a); Albemarle Paper Co. v. Moody, 422 U.S. 405, 417-18 (1975); Equal Emp't Opportunity Comm'n v. KarenKim, Inc., 698 F.3d 92, 102 (2d Cir. 2012); Bergerson v. New York State Office of Mental Health, Cent. New York Psychiatric Ctr., 652 F.3d 277, 286 (2d Cir. 2011); Sharkey v. Lasmo (AUL Ltd.), 214 F.3d 371, 375 (2d Cir. 2000); Tse v. New York Univ., No. 10-CV-7207 (DAB), 2016 WL 10907062, at *29-31 (S.D.N.Y. Aug. 29, 2016); Press v. Concord Mortg. Corp., No. 08 Civ. 09497 (KTD), 2010 WL 3199684, at *1-2 (S.D.N.Y. Aug. 11, 2010); Watson v. E.S. Sutton, Inc., No. 02 Civ. 2739 (KMW), 2005 WL 2170659, at *16 (S.D.N.Y. Sept. 6, 2005), aff'd, 225 Fed. Appx. 3 (2d Cir. 2006).

## REQUESTED INSTRUCTION NO. 21

1154306 v1

**(Damages: Uncertainty as to Damages for Retaliation Claims)**

Professor Dodd is entitled to damages even if they are difficult to calculate. Provided that

Professor Dodd has proven that she has incurred losses or other compensable injuries, uncertainties

about the amount of losses should be resolved in Professor Dodd's favor.

> **Source:** Broadnax v. City of New Haven, 415 F.3d 265, 272 (2d
> Cir. 2005); Cruz v. Local Union No. 3, Int'l Bhd. of Elec. Workers,
> 34 F.3d 1148, 1157 (2d Cir. 1994); Equal Emp't Opportunity
> Comm'n v. United Health Programs of Am., Inc., 350 F. Supp. 3d
> 199, 229 (E.D.N.Y. 2018); T2 Sols., Inc. v. Allen Datagraph Sys.,
> Inc., No. 04-CV-170A, 2009 WL 909702, at *2 (W.D.N.Y. Mar. 31,
> 2009); Okraynets v. Metro. Transp. Auth., 555 F. Supp. 2d 420, 444
> (S.D.N.Y. 2008).

## REQUESTED INSTRUCTION NO. 22
### (Damages: Back Pay)

If you find for Professor Dodd on her retaliation claims relating to the denial of tenure or non-reappointment, she is entitled to the back pay that she would have earned if Defendants not retaliated against her. This amount consists of the salary, and other forms of compensation, and benefits that Professor Dodd would have received if Defendants not taken retaliatory actions against her.

In calculating Professor Dodd's back pay for any of her claims, the amount should be increased to reflect any anticipated increases in earnings, including bonuses, raises, or the value of other benefits, that Professor Dodd would have received if Defendants had not retaliated against her.

You should then deduct any earnings Professor Dodd has received through employment Professor Dodd has had since the time her employment at City College ended.

> **Source:** Hannah v. Walmart Stores, Inc., 803 F. App'x 417, 423 (2d Cir. 2020); Bergerson v. New York State Office of Mental Health, Cent. New York Psychiatric Ctr., 652 F.3d 277, 286-87 (2d Cir. 2011); Banks v. Travelers Cos., 180 F.3d 358, 364 (2d Cir. 1999); Equal Emp't Opportunity Comm'n v. Joint Apprenticeship Comm. of Joint Indus. Bd. of Elec. Indus., 164 F.3d 89, 101 (2d Cir. 1998); Saber v. New York State Dep't of Fin. Servs., No. 15 CIV. 5944 (LGS), 2018 WL 3611718, at *1 (S.D.N.Y. July 27, 2018), aff'd, 771 F. App'x 48 (2d Cir. 2019); Sharkey v. J.P. Morgan Chase & Co., No. 10 Civ. 3824, 2017 WL 374735, at *3 (S.D.N.Y. Jan. 26, 2017); Tse v. New York Univ., No. 10-CV-7207 (DAB), 2016 WL 10907062, at *29 (S.D.N.Y. Aug. 29, 2016); Evans v. MassMutual Fin. Grp., No. 09 Civ. 6028, 2013 WL 12234679, at *3 (W.D.N.Y. Sept. 13, 2013); Chiang v. Potter, No. 09 Civ. 3794 (JCF), 2010 WL 3185778, at *3 (S.D.N.Y. Aug. 11, 2010); Epstein v. Kalvin-Miller Int'l, Inc., 139 F. Supp. 2d 469, 484-85 (S.D.N.Y. 2001); Luciano v. Olsten Corp., 912 F. Supp. 663, 668 (E.D.N.Y. 1996), aff'd, 110 F.3d 210 (2d Cir. 1997); Koyen v. Consol. Edison Co. of N.Y., Inc., 560 F. Supp. 1161, 1164 (S.D.N.Y. 1983).

**REQUESTED INSTRUCTION NO. 23**
**(Damages: Mitigation Defense)**[2]

If you find that Professor Dodd established claims of retaliation, you must also consider whether Professor Dodd failed to mitigate her damages, a defense Defendants have asserted. Unlike claims I have described earlier, failure to mitigate is a defense that Defendants have asserted. Accordingly, Defendants bear the burden of proof of this issue. To establish failure to mitigate lost wage damages, Defendants must prove two facts by a preponderance of the evidence: first, that Professor Dodd failed to exercise reasonable diligence in seeking alternative employment; and second, that specific, substantially equivalent employment suitable to Professor Dodd's skills and experience was available and obtainable by Professor Dodd had she exercised such reasonable diligence.

Employment is substantially equivalent if it would provide Professor Dodd with virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position she held at City College. Professor Dodd need not accept a demotion or take a lesser position. The obligation on Professor Dodd is not onerous, and it does not require that Professor Dodd be successful in her job search or that the job she accepts be equivalent in compensation or prestige to her position with City College.  Nor is Professor Dodd required to endure an unreasonable commute or relocate to find substantially equivalent employment.

---

[2] Plaintiff does not believe a charge on the mitigation defense is appropriate, as Professor Dodd clearly made efforts to find other academic positions and has been teaching at prestigious institutions since defendants denied reappointment and tenure. Defendants have not presented any evidence that there were better jobs available that Professor could have obtained had she taken additional actions. If defendants are permitted to present at trial evidence on mitigation, plaintiff proposes the following charge.

Defendants bear the burden of proving that Professor Dodd's job search was unreasonable. Defendants must prove that Professor Dodd's conduct was so deficient as to constitute an unreasonable failure to seek employment. Defendants cannot meet their burden by showing merely that there are further actions that Professor Dodd could have taken in pursuit of employment. The range of reasonable conduct is broad, and Professor Dodd must be given the benefit of every doubt in assessing her conduct.

> **Source**: Ford Motor Co. v. EEOC, 458 U.S. 219, 231-32 (1982); Broadnax v. City of New Haven, 415 F.3d 265, 268-70 (2d Cir. 2005); Hawkins v. 1115 Legal Serv. Care, 163 F.3d 684, 695-96 (2d Cir. 1998); Dailey v. Societe Generale, 108 F.3d 451, 455-56 (2d Cir. 1997); Nokaj v. N. E. Dental Mgmt., LLC, No. 16-CV-3035 (KMK), 2019 WL 634656, at *15 (S.D.N.Y. Feb. 14, 2019); Astrin v. Maharam Fabric Corp., No. CV-11-4482, 2013 WL 3149462, at *1 (E.D.N.Y. June 19, 2013) U.S. v. City of New York, No. 07-CV-2067 (NGG) (RLM), 2012 WL 3637410, at 2 (E.D.N.Y. Aug. 22, 2012); Musgavero v. Arms Acres, Inc., 680 F. Supp. 2d 544, 580-81 (S.D.N.Y. 2010); Todaro v. Siegel Fenchel & Peddy, P.C., No. 04-CV-2939 (JS)(WDW), 2009 WL 3150408, at *4 (E.D.N.Y. Sept. 25, 2009); Rost v. Pfizer, Inc., 248 F.R.D. 417, 419 (S.D.N.Y. 2008); Watson v. E.S. Sutton, Inc., No. 02 Civ. 2739 (KMW), 2005 WL 2170659, at *16 (S.D.N.Y. Sept. 6, 2005), aff'd., 225 F. App'x 3 (2d Cir. 2006) ; Kuper v. Empire Blue Cross & Blue Shield, No. 99 Civ. 1190, 2003 WL 359462, at *6-7 (S.D.N.Y. Feb. 18, 2003).

## REQUESTED INSTRUCTION NO. 24
### (Damages: Compensatory Damages)

If you find that Professor Dodd has established her claims of retaliation, you may award her compensatory damages for injuries such as: (1) emotional pain, suffering, inconvenience, mental anguish, and humiliation; (2) loss of reputation; (3) harm to professional standing; (4) lost future earning capacity; (5) and loss of enjoyment of life.

With respect to damages for emotional distress, there is no requirement that such damages be supported by proof of expenses, lost earnings, or specifically measurable damages, and neither expert testimony nor evidence of psychiatric or other medical treatment is required. There is no exact standard for fixing compensation to be awarded for these elements of damages. Mental and emotional distress may be proved by Professor Dodd's own testimony, corroborated by reference to the circumstances of Defendants' retaliatory misconduct. Professor Dodd is not required to present expert testimony on this issue.

Likewise, with respect to other types of compensatory damages, Professor Dodd need only present competent evidence that Defendants' discriminatory or retaliatory acts caused injury to her reputation, professional standing, or earning capacity, in order for you to award damages for those losses.

**Source:** Lore v. City of Syracuse, 670 F.3d 127, 179 (2d Cir. 2012); Cross v. N.Y.C. Transit Auth., 417 F.3d 241, 258-59 (2d Cir. 2005); Meacham v. Knolls Atomic Power Lab., 381 F.3d 56, 77-78 (2d Cir. 2004), vacated on other grounds sub nom, KAPL v. Meacham, 544 U.S. 957 (2005); Gutierrez v. Taxi Club Mgmt., Inc., No. 17-CIV-532(AMD)(VMS), 2018 WL 3432786, at *9 (E.D.N.Y. June 25, 2018), report and recommendation adopted No. 17CV0532 (AMD)(VMS), 2018 WL 3429903 (E.D.N.Y. July 16, 2018); United States v. Vulcan Soc'y, Inc., 897 F. Supp. 2d 30, 35-49 (E.D.N.Y. 2012), order clarified sub nom. United States v. City of New York, No. 07 Civ. 2067 (NGG) (RLM),, 2013 WL 12318105 (E.D.N.Y. June 3, 2013); Hill v. Airborne Freight Corp., 212 F. Supp. 2d 59, 71-72 (E.D.N.Y. 2002), aff'd, 93 F. App'x 260 (2d Cir. 2004);

Albunio v. City of New York, 889 N.Y.S.2d 4, 6 (1st Dept. 2009),
aff'd, 16 N.Y.3d 472, 947 N.E.2d 135 (N.Y. 2011).

31

## REQUESTED INSTRUCTION NO. 25
### (Damages: Punitive Damages Under the NYCHRL)

If you find that Professor Dodd has prevailed on her claims of retaliation under the NYCHRL against President Boudreau, Professor Cronin, or Professor Krinsky, you may award her punitive damages. Under the NYCHRL, Professor Dodd is entitled to punitive damages if you find that Defendants engaged in retaliation with conscious indifference and disregard for Professor Dodd's rights. Defendants did not have to know that their specific conduct was violating the law in order for you to award punitive damages.

Moreover, under the NYCHRL, Defendants' good-faith efforts to comply with anti-retaliation laws do not preclude awarding punitive damages. Rather, whether Defendants made good-faith efforts to comply with anti-retaliation laws is just one factor you may consider when determining the amount of punitive damages, if any, to award to Professor Dodd. In fixing the amount of punitive damages, you should consider that punitive damages are intended both to punish the wrongdoer and to deter future reprehensible conduct.

> **Source:** N.Y.C. Admin. Code § 8-107(13); N.Y.C. Admin. Code § 8-502(a); Chauca v. Abraham, 885 F.3d 122, 124 (2d Cir. 2018); Chauca v. Abraham, 89 N.E.3d 475, 481 (N.Y. 2017); Batten v. Glob. Contact Servs., LLC, No. 15-CV-2382(NG)(SJB), 2018 WL 3093968, at *9 (E.D.N.Y. June 22, 2018); PJI § 2:278.

<u>REQUESTED INSTRUCTION NO. 26</u>
**(Evidence- General Instruction)**

You are to consider only the evidence in the case. The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, and any stipulations of facts to which the parties have agreed.

A stipulation is an agreement among the parties that certain facts are true. You must consider those facts to be true.

During the trial, certain deposition testimony was read to you. Like the testimony you have heard in court, deposition testimony is sworn testimony that was given in response to questions asked by attorneys for the parties to the case. Deposition testimony should be considered, to the extent possible, in the same way as testimony that was given at the witness stand and should be judged as to credibility and weight in the same way.

It is for you to decide the weight, if any, to give testimony you have heard or exhibits you have seen. Your consideration of the evidence is not limited to the statements of the witnesses. In other words, you are not limited solely to what you have heard from the witnesses or seen. Rather, you may draw from the facts that you find have been proven, any reasonable inferences or conclusions as you feel are justified in light of your experience.

Any testimony or other evidence that I have excluded, stricken, or told you to disregard, is not evidence and may not be considered by you in reaching your verdict.

Likewise, questions the parties' lawyers asked are not evidence. It is the witnesses' answers that are evidence, not the lawyers' questions. Arguments by the attorneys are not evidence because the attorneys are not witnesses. The arguments the lawyers have made in their opening statements, summations, and at other times, are intended only to help you understand the evidence and reach a verdict.

Finally, the statements or rulings that I have made are not evidence. Because you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to what the facts are or what the verdict should be. The rulings I have made during the trial are not indication of my views. Also, you should not draw any inferences from the fact that I may have, on occasion, asked certain questions to the witnesses. These questions were intended only to clarify or expedite proceedings, and they are not an indication of my view of the evidence. In short, if anything I have said or done seemed to you to indicate an opinion relating to any matter you need to consider, you must disregard it.

> **Source:** FJIP §§ 101:40, 101:44, 102:23, 102:45, 102:70, 102:71, 102:72, 102:73, 103:30, 103:33, 103:34, 104:20, 105:02.

**REQUESTED INSTRUCTION NO. 27**
**(Evidence - Direct and Circumstantial Evidence)**

There are two types of evidence that you may properly use in reaching your verdict: direct evidence and circumstantial evidence.

Direct evidence is a witness's testimony about something the witness knows by virtue of witness's senses—something the witness saw, felt, touched, or heard. Direct evidence may also be in the form of an exhibit, such as a written statement by one of the parties or its employees. For instance, let us suppose that a fact in dispute is whether I knocked over a water glass in the courtroom. If someone testifies that he saw me knock over the glass, that is direct evidence that I knocked over the glass. Direct evidence of retaliatory intent is rare and is not required.

The other type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove one fact by proof of other facts. Here is a simple example of circumstantial evidence:

Assume that when you came to the courthouse this morning, the sun was shining, and it was a nice day. Assume that the courtroom blinds are drawn and you cannot see outside. As you are sitting here, someone walks in with an umbrella that is dripping wet and then someone else walks in with a raincoat that is also dripping wet.

You cannot look outside the courtroom and cannot see whether or not it is raining. You, therefore, have no direct evidence that it is raining. But, based on the combination of the facts I have asked you to assume, it would be reasonable and logical for you to conclude that between the time you arrived at the courthouse, and the time these people walked in, it had started to rain. This is all there is to circumstantial evidence. Based on an established fact, you infer based on reason, experience, and common sense, the existence or nonexistence of some other fact.

35

Many facts, such as a particular's person's state of mind, can only rarely be proven by direct evidence. However, circumstantial evidence, if believed, has no less value than direct evidence, and a party may use either direct or circumstantial evidence to prove his or her claim. You are to decide how much weight to give any evidence. The law makes no distinction between the two, but rather only requires that you, the members of the jury, decide the facts based on all the evidence, both direct and circumstantial. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

> **Source:** FJIP §§ 101:42, 104:05, 170:21, 171:26; Desert Palace, Inc. v. Costa, 539 U.S. 90, 100 (2003); Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 69 (2d Cir. 2001); Dodd v. City Univ. of New York, 489 F. Supp. 3d 219, 247 (S.D.N.Y. 2020); Model Civ. Jury Instr. 3rd Cir. § 1.6 (2019).

1154306 v1

## REQUESTED INSTRUCTION NO. 28
### (Evidence - Inferences)

In these instructions, I have used the word "infer," and the lawyers, in their arguments, have asked you to draw inferences. When you draw an inference, you conclude, from one or more established facts, that another fact exists or is true. You make inferences based on your reasoning, experience, and common sense.

The process of drawing inferences from facts in evidence is not a matter of guesswork, suspicion, or speculation. Rather, an inference is a reasoned, logical deduction or conclusion that you, the members of the jury, may draw—but are not required to draw—from the facts that have been established by direct or circumstantial evidence. In considering inferences, you should use your common sense and draw, from the facts that have been proven, whatever reasonable inferences you find to be justified in light of your experience.

**Source:** FJIP § 104:20.

## <u>REQUESTED INSTRUCTION NO. 29</u>
### (Evidence – Professional Expertise)

Although you are encouraged, as jurors, to use your life experiences in analyzing testimony and reaching a fair verdict, you may not communicate any professional expertise you might have or specialized information that is not in evidence to the other jurors during deliberations. You must base your discussions and decisions exclusively on the evidence presented to you during the trial and that evidence alone. You may not consider or speculate on matters not in evidence or matters outside the case.

**Source:** <u>PJI</u> § 1:37

## REQUESTED INSTRUCTION NO. 30
### (Evidence – Credibility of Witnesses)

Now, the important subject of evaluating testimony. How do you evaluate the credibility or believability of the witnesses? The answer is that you use your common sense. There is no magic formula by which you can evaluate testimony.

You should use the same tests for truthfulness that you would use in determining matters of importance in your everyday lives. You should ask yourselves the following questions. Did the witness impress me as honest, open, and candid, or was the witness evasive and edgy, as if hiding something? How did the witness appear while testifying—that is, the witness's bearing, behavior, manner, and appearance? How responsive was the witness to the questions asked on direct examination and on cross-examination? Did the witness refuse to answer a question after being instructed by me to answer? You should consider whether the witness had the opportunity to see, hear, or know about the things about which the witness testified; the accuracy of the witness's memory; the witness's lack of candor; the witness's intelligence; the reasonableness or probability of the witness's testimony; the testimony's consistency of lack of consistency; and the whether the testimony's is supported or contradicted by other credible evidence.

In short, in assessing credibility you should evaluate the witness in light of the witness's demeanor, the explanations the witness has given, and all the other evidence in the case. Remember to use your common sense, good judgment, and life experience.

Few people recall every detail or every event precisely the same way. A witness may be inaccurate, contradictory, or even untruthful in some respects, yet the witness may be entirely believable and truthful in other respects. It is for you to determine whether any inconsistencies are significant or minor.

If you find that a witness intentionally testified falsely, that is always a matter of importance that you should weigh carefully. If you find that any witness willfully has testified falsely as to any a material fact—that is, about any important matter—the law permits you to disregard completely the entire testimony of that witness based on the principle that one who testified falsely about material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness to be completely unbelievable. You may accept so much of that witness's testimony as you deem true and may disregard what you believe is false.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You may find that the testimony of a single witness as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

By the processes I have just described, you, the sole judges of the facts, decide which of the witnesses to believe, what portion of the any witness's testimony to accept, and what weight, if any, to give to any witness's testimony.

**Source:** FJIP §§ 104:43, 104:54, 105:01, 105:04, 105:10; PJI § 1:41.

<u>**REQUESTED INSTRUCTION NO. 31**</u>
**(Evidence – Impeachment of Witnesses)**

You have been presented evidence that at some earlier time a witness has said or done something that counsel suggested was inconsistent with the witness's trial testimony.

If the prior inconsistent statement was sworn testimony—for instance, deposition testimony or earlier testimony during trial—the earlier inconsistent statement is evidence by itself, and you may make a finding based only on the content of the earlier statement. Likewise, if the prior inconsistent statement was that of a party or the party's agents and employees, that statement is evidence against that party.

Even if a prior inconsistent statement is not evidence by itself—for example, an earlier statement from a witness that was not sworn testimony—the prior inconsistent statement is still relevant for the more limited purpose of helping you decide whether to believe the trial testimony of witnesses who contradicted themselves. If you find that a witness made an earlier statement that conflicts with that witness's trial testimony, you may consider that fact in deciding how much of the witness's testimony, if any, to believe.

In making this determination, you may consider, among other things: (1) whether the witness purposely made a false statement or whether it was an innocent mistake; (2) whether the inconsistency concerns an important fact or a minor detail; and (3) whether the witness had an explanation for the inconsistency and if that explanation appealed to your common sense.

It is exclusively your duty to determine, based upon all the evidence and your good judgment, whether the prior statement was inconsistent and, if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

**Source:** <u>FJIP</u> §§ 103:31, 105:01, 105:02, 105:04, 105:09.

41

## REQUESTED INSTRUCTION NO. 32
### (Evidence – Bias of Witnesses)

In deciding whether to believe a witness, you also should specifically note any evidence of bias, hostility, or affection that the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating or not cooperating with a particular party. If you find any such bias, hostility, affection, interest, or motive, you must then consider whether or not it affected or colored the witness's testimony. For example, if a witness is employed by one of the parties, you may consider that fact and what effect, if any, it may have had on the witness's testimony.

You should also consider any evidence that a witness may benefit or suffer in some way form the outcome of the case. Such interest in the outcome may create a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony.

Keep in mind though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, a witness's bias or interest has influenced or affected his or her testimony. You are not required to disbelieve an interested witness; you may accept as much of an interested witness's testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

**Source:** FJIP §§ 101:43, 105:01; PJI §§ 1:91, 1:92.

**REQUESTED INSTRUCTION NO. 33**
**(Evidence – Missing Witnesses and Evidence)**

In addition to evaluating the credibility of witnesses who have testified at this trial and the evidence that has been presented, you may, in certain instances, fairly draw inferences based on the fact that certain identifiable witnesses were not called, and that certain evidence was not presented.

If a party fails to call a person as a witness who you find has knowledge about the facts in issue, who is reasonably available to the party, and who is not equally available to the other party, then you may infer that the testimony of that person is unfavorable to the party who could have called the witness and did not.

Similarly, if a party fails to produce evidence that you find is under that party's control, reasonably available to that party, and not reasonably available to the other party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.

> **Source:** FJIP §§ 104:25, 104:26; <u>Martinelli v. Bridgeport Roman Catholic Diocesan Corp.</u>, 196 F.3d 409, 432 n.10 (2d Cir. 1999); <u>Sagendorf-Teal v. Cty. of Rensselaer</u>, 100 F.3d 270, 275-76 (2d Cir. 1996); <u>Saget v. Trump</u>, 351 F. Supp. 3d 251, 254 (E.D.N.Y. 2019); <u>George v. City of Buffalo</u>, No. 09 Civ. 00002A(F), 2014 WL 12817793, at *15 (W.D.N.Y. Jan. 9, 2014); <u>Adam K. v. Iverson</u>, 970 N.Y.S.2d 297, 305 (App. Div. 2013).

## REQUESTED INSTRUCTION NO. 34
### (Evidence – Rulings on Evidence and Objections)

It is the duty of the attorneys for each side of the case to object when the other side offers testimony or other evidence that the attorney believes is not admissible. Counsel also have the right and duty to ask the Court to make rulings of law, because only by making an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence. All those questions of law must be decided by me. You should not show any prejudice against an attorney, or the attorney's client, because the attorney objected to the admissibility of evidence, asked for a conference out the hearing of the jury, or asked the Court for a ruling on the law.

As I have already said, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence. If, however, I sustained an objection to any evidence or I ordered evidence stricken or disregarded, that evidence must be entirely ignored.

**Source:** FJIP §§ 101:49, 102:45, 102:71, 102:73.

**REQUESTED INSTRUCTION NO. 35**
**(Deliberations – Duty to Deliberate)**

The most important part of this case, members of the jury, is the part that you as jurors are about to play as you deliberate on the issues of fact. It is for you, and you alone, to decide whether Professor Dodd has proven the elements of her claim by a preponderance of the evidence. I know you will judge the issue that have been presented to you according to the oath that you have taken as jurors. In that oath, you promised that you would well and truly try the issues in this case and render a true verdict. Your function is to weigh the evidence in the case and reach your decisions based solely on the evidence. Your duty is to decide the issues before you fairly and impartially, and to see that justice is done.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for yourself, but you should do so only after consideration of the case with your fellow jurors. Your verdict, and the answers to each question on the verdict form, must be unanimous. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without prejudice or favor towards either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

As you deliberate, please listen to the opinions of your fellow jurors and ask for an opportunity to express your own views. Every juror should be heard. No one juror should hold center stage in the jury room or control or monopolize the deliberations. You should all listen to one another with courtesy and respect. If, after stating your own view and after listening to your fellow jurors, you become convinced that your view is wrong, do not hesitate because of stubbornness or pride to change your view. On the other hand, do not surrender your honest convictions and beliefs concerning the weight or effect of the evidence solely because of the

opinions of your fellow jurors, because you are outnumbered or for the mere purpose of returning

a verdict. Your final vote must reflect your conscientious belief as to how the issues should be

decided. Your verdict must be unanimous.

**Source:** <u>FJIP</u> §§ 101:01, 103:50, 106:01, 106:16.

## <u>REQUESTED INSTRUCTION NO. 36</u>
**(Deliberations – All Jurors Required for Deliberation)**

You are not to discuss the case until all jurors are present. A collection of five, six, or even seven jurors together is only a gathering of individuals. Only when all eight jurors are present do you constitute a jury, and only then may you deliberate.

**Source:** <u>FJIP</u> § 101:11.

47

**<u>REQUESTED INSTRUCTION NO. 37</u>**
**(Deliberations – Duties of the Foreperson)**

I am going to ask that you select a foreperson when you begin your deliberations. You should all vote on who will be the foreperson. The foreperson does not have any more power or authority than any other juror, and foreperson's vote or opinion does not count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the Court. The foreperson will send out any notes for the Court, and when the jury has reached a verdict, he will notify _____, fill out and sign the verdict form, and give the verdict in open court.

**Source:** <u>FJIP</u> §§ 103:50; 106:05.

48

## REQUESTED INSTRUCTION NO. 38
### (Deliberations – Right to Exhibits and Testimony / Communications with the Court)

The exhibits will be sent to you in the jury room. If you want any of the testimony read back to you, that can be arranged. Keep in mind that we may not have a printed transcript and it is not always easy for the court reporter to locate the testimony that you might want, so be as specific as you can as to what witness and what portion of that witness's testimony you would like to hear.

Any communication with the Court should be made in writing, signed by your foreperson, and given to _____, who will be here in the courtroom while you deliberate.  I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom, so I can speak with you in person.

You are not to reveal the standing of the jurors—that is, the split of the vote—to anyone, including me, at any time during your deliberations. So do not ever indicate, in a note or otherwise, what the vote is or which way the majority is leaning or anything like that.  Nobody outside the jury should know how the jury stands on any issue until a unanimous verdict is reached.

**Source:** <u>FJIP</u> §§ 101:20, 103:50, 104:55, 106:08.

## REQUESTED INSTRUCTION NO. 39
### (Deliberations – Juror Notes)

If any of you took notes during the course of the trial, you should not show your notes to, or discuss your notes with, any other juror during your deliberations. Any notes you have taken are to be used solely to assist you. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror. Finally, your notes are not to substitute for your recollection of the evidence in the case. If you have any doubt as to any testimony, you may request that the testimony be read back to you, as I mentioned earlier.

**Source:** FJIP §§ 101:15, 103:02.

50

## REQUESTED INSTRUCTION NO. 40
### (Deliberations – Verdict Form)

As I said before, when you retire to deliberate, you should choose a foreperson. The foreperson will receive a verdict form on which to record your verdict. You will see that the verdict form has various questions for you to answer in the order in which they appear. When the foreperson has completed the verdict form, the foreperson must sign his or her name, and the verdict form will be marked as a Court Exhibit.

**Source:** <u>FJIP</u> §§ 103:50; 106:05.

Dated:  New York, New York
         April 9, 2021

                              VLADECK, RASKIN & CLARK, P.C.

                        By:      */s Anne L. Clark*
                                 Anne L. Clark
                                 Emily Miller
                                 Attorneys for Plaintiff
                                 565 Fifth Avenue, 9th Floor
                                 New York, New York  10017
                                 (212) 403-7300

1154306 v1