UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

LYNDA G. DODD,

                 Plaintiff,

     - against -               17 Civ. 9932 (PAE)

THE CITY UNIVERSITY OF NEW YORK,
VINCENT BOUDREAU, BRUCE CRONIN,
JOHN KRINSKY,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## PLAINTIFF'S PROPOSED VOIR DIRE

Plaintiff Lynda G. Dodd ("Dodd" or "plaintiff"), by and through her attorneys Vladeck, Raskin and Clark P.C., respectfully submits the following questions to be asked during <u>voir dire</u> examination of prospective jurors in this case:

## I.    INTRODUCTORY INSTRUCTION

This is civil action brought by plaintiff, Professor Lynda Dodd, against defendants, the City University of New York, Vincent Boudreau, Bruce Cronin and John Krinsky.  Professor Dodd is a former associate professor at the City College of New York, a senior college in the City University of New York. Specifically, Professor Dodd worked for Colin L. Powell School for Civic and Global Leadership in its Political Science Department. During this period, she held a professorship, the Joseph H. Flom Professor of Legal Studies, that was associated with the Skadden, Arps Honors Program in Legal Studies and funded in part by the law firm Skadden, Arps, Slate, Meagher & Flom LLP. Shortly after she was hired, Dodd was diagnosed with multiple sclerosis.

Vincent Boudreau is City College's current President and, between November 2016 and December 2017, served as its interim President. Between January 2014 and November 2016, he was Dean of the Powell School.  Before that, he was a professor in CCNY's Political Science Department and served as the chair of the hiring committee for the Flom Professor position. In that capacity, he hired Dodd to work at CCNY.

Bruce Cronin is a tenured professor in CCNY's Political Science Department. Between 2012 and 2018, he served as the Department's chair.

John Krinsky is also a tenured professor in City College's Political Science Department. He served as chair of the Political Science Department immediately before Cronin, between 2009 and 2012.

Between 2011 and 2016, Professor Dodd made various requests for reasonable accommodations related to the effects of her multiple sclerosis and complained about discrimination related to her disability. On June 8, 2016 Professor Dodd entered into a Settlement Agreement with CUNY regarding her accommodation requests and complaints of discrimination.

Professor Dodd asserts that Defendants retaliated against her by denying her tenure and reappointment, as well as by engaging in a series of conduct that made it more difficult for her to work at City College and be successful with her tenure application and reappointment. Professor Dodd contends that Defendants did so because of her requests for reasonable accommodation and because she had opposed Defendants' discriminatory conduct by making internal complaints, retaining counsel, and then asserting claims in this case. Defendants deny plaintiff's claims.

Our judicial system provides that the parties are entitled to have a trial by a fair and impartial jury. For that reason, I will be asking you certain questions so that the Court and the parties can be satisfied that the jurors who will decide this case are fair and impartial. If you have any doubt whether a particular question I ask applies to you, please raise your hand so that we can determine whether it does.

## II.    QUESTIONS TO THE JURY PANEL

### A.    DIFFICULTIES IN UNDERSTANDING/SERVING

1.    Do any of you have any personal knowledge of the allegations as I have described them?

2.    Do any of you have any opinions regarding this case, based on the nature of the allegations, that would prevent you from being impartial?

3.    This trial is expected to last approximately 2-3 weeks. Is there anything about the length or scheduling of the trial that would prevent you from serving as a juror?

4.     Do you have a problem with your hearing or vision that would prevent you from giving attention to all the evidence at this trial? If yes, please explain.

5.     Do you have any other medical or physical problem that would make it difficult for you to serve as a juror? If yes, please explain.

6.     Do you have any problems at home or at work that might interfere with your ability to concentrate on this case during trial or to act impartially as a juror?

7.     Do you have any difficulty understanding or reading English?

**B.  GENERAL IMPARTIALITY QUESTIONS**

8.     As a result of any of your life experiences, do any of you believe there is anything that would cause you to lean in favor of either party in this case?

9.     Your duty will be to listen to the testimony. At the conclusion of the testimony, the Court will instruct you as to what the law is and tell you to apply that law to the case before you. Do you have any doubt that you will be able to apply the law as I explain it even if you disagree with it?

10.     In the trial of this case, both parties are entitled to have the case decided based on the evidence presented at trial. Is there any reason why any of you might not be able to render a fair verdict based solely on the facts in evidence?

11.     Do you have any opinions about the legal system that would prevent you from being fair and impartial?

12.     Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person?

## C.  **KNOWLEDGE OF THE PARTIES AND COUNSEL**

13.     Do you or, to your knowledge, does any member of your immediate family, know the plaintiff, Lynda Dodd? If yes, what is the nature of your relationship or association? Would any such relationship or association prevent you from rendering a fair and impartial verdict?

14.     Prof. Dodd is represented by Anne Clark and Emily Miller of the law firm Vladeck, Raskin & Clark, P.C. Do you know or have you had any dealings, personal or business, with any of Prof. Dodd's attorneys or the law firm Vladeck, Raskin & Clark, P.C.?

   a.  If yes, what was the nature of those dealings?

15.     To your knowledge, has a member of your family had any dealings, personal or business, with any of Prof. Dodd's attorneys or the law firm Vladeck, Raskin & Clark, P.C.?

   a.  If yes, what was the nature of those dealings?

16.     Since Prof. Dodd's employment with CUNY ended, she has taught at Princeton University.  Have you or any of your family attended, worked for, or had dealings, personal or business, with Princeton?

   a.  If yes, what was the nature of those dealings?

17.     Defendants are represented by Matthew Lawson and Johane Severin of the New York State Office of the Attorney General. Do you know, or have you had any dealings, personal or business, with any of defendants' attorneys or the New York State Office of the Attorney General?

   a.  If yes, what was the nature of those dealings?

18.     To your knowledge, has a member of your family had any dealings, personal or business, with any of defendants' attorneys or the New York State Office of the Attorney General?

   a.  If yes, what was the nature of those dealings?

19.     Do you or, to your knowledge, does any member of your immediate family, know the defendant Vincent Boudreau?

   a.   If yes, what is the nature of your relationship or association?

   b.   Would this relationship or association prevent you from rendering a fair and impartial verdict?

20.     Do you or, to your knowledge, does any member of your immediate family, know the defendant Bruce Cronin?

   a.   If yes, what is the nature of your relationship or association?

   b.   Would this relationship or association prevent you from rendering a fair and impartial verdict?

21.     Do you or, to your knowledge, does any member of your immediate family, know the defendant John Krinsky?

   a.   If yes, what is the nature of your relationship or association?

   b.   Would this relationship or association prevent you from rendering a fair and impartial verdict?

22.     Have you heard of the City University of New York or the City College of New York?

   a.   If yes, what have you heard?

23.     Are you, an immediate family member, or close friend currently a student at CUNY or the City College of New York?

   a.   If yes, do you believe any circumstances related to your education would prevent you from rendering a fair and impartial verdict?

24. Have you, an immediate family member, or close friend ever been employed by CUNY or the City College of New York?

    a. If yes, what were the dates of employment?

    b. Are you, your family member, or close friend still employed?

    c. What is/was the position held by you or your family member or close friend?

    d. If you, your family member or close friend is no longer employed by CUNY, under what circumstances did you or that person leave CUNY?

    e. Do you believe any circumstances related to your employment would prevent you from rendering a fair and impartial verdict?

25. Have you, an immediate family member, or close friend had any dealings, business or personal, with the City College of New York or CUNY?

    a. If yes, do you believe any circumstances related to those dealings would prevent you from rendering a fair and impartial verdict?

26. Do you have any feelings about CUNY or the City College of New York that would prevent you from rendering a fair and impartial verdict?

27. Is there any reason you would be unable to render a fair and impartial verdict in a dispute involving CUNY or the City College of New York?

28. Are you, your spouse, partner, or significant other, or is any member of your family, presently doing business with CUNY, Vincent Boudreau, John Krinsky, or Bruce Cronin?

    a. If yes, what is the nature of the business relationship?

    b. Would this relationship prevent you from rendering a fair and impartial verdict?

29. Have you, your spouse, partner, or significant other, or is any member of your family done business with CUNY, President Boudreau, Prof. Krinsky, or Prof. Cronin in the past?

> a.   If yes, what is the nature of the business relationship?

> b.   Would this relationship prevent you from rendering a fair and impartial verdict?

30.     Have you, a family member, or close friend ever been involved in a lawsuit or dispute with CUNY, President Boudreau, Prof. Krinsky, or Prof. Cronin?

### D.   IMPARTIALITY BASED ON INSTITUTIONAL STATUS

31.     Do any of you feel sympathetic to individuals who bring proceedings against universities or other institutions in the courts or elsewhere?

32.     Do you think such individuals are troublemakers?

33.     Would any of you be less likely to believe evidence offered by an employee because he is an individual or because he is suing his former employer?

34.     Some of the witnesses who will be testifying in this case are current or former employees of CUNY.

> a.   Would you be more likely or less likely to believe sworn testimony from a current CUNY employee?

> b.   Would you be more likely or less likely to believe sworn testimony from a former CUNY employee?

35.     Do have any opinion regarding whether it is appropriate to punish an institution, such as a university or corporation, for the acts of its employees?

### E.   KNOWLEDGE OF THE CASE

36.     Do you know the Judge presiding in this case, the Honorable Paul Engelmayer?

37.     As you look around this room, do any of you recognize any friends or acquaintances among the other potential jurors?

38.     Have any of you heard, read, or seen anything about this case before today?

      a.   If so, how did you hear about it?

      b.   Did you form an opinion about this case?

      c.   Do you believe that your ability to serve as an impartial juror has been affected by what you have heard about this case?

39.     Do you have any interest, financial or otherwise, in the outcome of this case?

40.     I am going to read you a list of names of people who may be called as witnesses in this case. Do you know, know about, or have you had any personal or business dealings with any of the proposed witnesses in this case? If so, how do you know the individuals? Do you have any feelings or opinions about such individuals?

      a.   Lynda Dodd

      b.   Michele Baptiste

      c.   Vincent Boudreau

      d.   Carla Capetti

      e.   Lisa Coico

      f.   Bruce Cronin

      g.   Mary Erina Driscoll

      h.   Charles R. Epp

      i.   Kevin Foster

      j.   Paul Frymer

      k.   John Krinksy

      l.   Julie Novkov

      m.   Paul Occhiogrosso

      n.   Andrew Rich

o. Joel Sati

p. Sarah Staszak

q. Vivien Tartter

r. Tony Liss

s. Rajan Menon

t. Daniel DiSalvo

u. David Jeruzalmi

v. Jennifer Light

w. Sherrie Baver

x. Diana Cuozzo

y. Dee Dee Mozeleski

## III.    INDIVIDUAL QUESTIONS FOR EACH JUROR

### A.    <u>WORK AND PERSONAL BACKGROUND</u>

41.    Where do you live? How long have you resided there?

42.    Where do you work?

a.    If unemployed, how long and under what circumstances did you become unemployed? Who was your last employer and what position did you hold?

b.    If retired, at what age did you retire?

i.    Under what circumstances did you retire (e.g., voluntary, involuntary, layoffs)?

ii.    Who was your last employer and what position did you hold?

43.    How long have you worked there?

44.    What did you do before?

45.    What is your job title?

46.    What type of work do you do?

47.    Do you like your job?

48.    Do you now, or have you ever, supervised people?

    a.   If so, how many people do/did you supervise?

    b.   Have you ever had to discipline an employee?

    c.   Have you ever made the decision or recommendation to terminate someone's employment?

49.    Is your spouse, partner, or significant other, if any, employed?

    a.   If yes, where?

    b.   What job?

    c.   Does or did your spouse, partner, or significant other supervise people?

        i.   If so, how many people does/did your spouse, partner, or significant other supervise.

        ii.   Did your spouse, partner, or significant other ever make the decision or recommendation to terminate someone's employment?

    d.   What did your spouse, partner, or significant other do before that job?

50.    Do you have children who work?

    a.   If yes, where does your child/children work?

    b.   What job or jobs does your child/children have?

    c.   How long has your child/children been employed there?

    d.   What did your child/children do before that?

51.    Are there any other adults who live with you who work?

     a.   If so, where do they work?

     b.   What job or jobs do they do?

52.    Have you worked for any universities or colleges?

     a.   If yes, what universities or colleges?

53.    Do you have any experience running your own business?

     a.   If so, please describe that business.

54.    Have you ever belonged to a labor union?

     a.   If yes, did you have any leadership or representative position with the union?

     b.   Did you leave the union?

         i.  If so, why?

55.    Have you worked for any higher-education institutions?

     a.   If yes, which institution(s)?

     b.   What was your job?

     c.   Did you interact with professors in this position?

     d.   Did you form any opinion about professors in that job?

     e.   Were you involved in any decisions related to tenure or reappointment at that job?

         i.  If yes, describe your involvement.

     f.   Did you form any opinion about universities or colleges in that job?

56.    Have you, a close friend, or a family member ever been considered for a tenured position?

     a.   If yes, what was the result of that process?

b. If yes, did you form any opinions about tenure or the tenure process based on that experience?

57. Have you, your partner, or your significant other ever been employed in the human resources or personnel department of a company?

    a. If yes, please describe the circumstances of that employment and the role and duties of the job.

**B. EDUCATIONAL BACKGROUND**

58. Please describe your educational background.

59. Do you have any certifications or licenses?

60. Have you, your spouse, partner, or your significant other ever had any legal training, taken any law courses, or been employed by a law firm?

    a. If yes, who had the training and what kind of training was it?

    b. What sort of employment at a law firm did you or your spouse, partner, or your significant other have?

61. Have you had any special training, education, or experience in personnel or human resources matters?

    a. If yes, please describe.

62. Have you, your spouse, partner, or your significant other ever had any medical training, studied medicine?

    a. If yes, what was the nature of that medical training?

    b. Would your medical training or the medical training of your spouse, partner, or your significant other affect your ability to render a fair and impartial verdict based only on the evidence presented during trial?

## C. **ATTITUDES CONCERNING WORKPLACE DISPUTES/ DISCRIMINATION**

63.     Have you or someone close to you ever experienced discrimination, harassment, or retaliation in the workplace?

      a.   If so, please name the employer and describe the discrimination, harassment, or retaliation.

      b.   Was an internal complaint filed?

      c.   How was the situation handled?

      d.   What was the outcome?

64.     Have you or someone close to you ever observed or witnessed discrimination, harassment, or retaliation in the workplace?

      a.   If so, what were the circumstances?

      b.   Did you take any actions?

      c.   Was the situation resolved?

65.     Have you or someone close to you ever sued an employer or filed a grievance against an employer?

      a.   If so, in what court, government agency, or other forum?

      b.   What was the basis of the lawsuit or grievance?

      c.   What was the outcome?

66.     Do you believe it is appropriate for an employee to complain about discrimination or retaliation?

67.     Do you believe that individuals with disabilities complain about discrimination the workplace often?

68.     Have you or someone close to you ever been accused of discrimination, harassment, or retaliation in the workplace, either by an internal complaint at the employer, a complaint filed with an administrative agency, or a lawsuit?

     a.  If so, please describe the complaint.

     b.  How was the complaint handled, if at all, by the employer?

     c.  What was the outcome?

69.     Have you ever had a dispute with your employer about something other than allegations of discrimination, harassment, or retaliation?

     a.  If so, what was it about and how was it resolved?

70.     Has your employment ever been terminated?

     a.  If so, when?

     b.  Did you think that your termination was unfair?

71.     Has one of your family members or close friends ever been fired by an employer?

     a.  If so, when?

     b.  What were the reasons?

72.     Have you ever felt that you have been treated unfairly by an employer or supervisor?

     a.  If yes, please describe the circumstances?

73.     Do you have any bias or feelings about discrimination, harassment, or retaliation cases that would prevent you from being a completely fair and impartial juror in this case?

### D.  PRIOR PARTICIPATION IN THE LEGAL SYSTEM

74.     Have you, a member of your family, or a close friend been a party to a legal proceeding, criminal or civil, in state or federal court?

a. If yes, what kind of case was it?

b. Were you or the other person suing or being sued?

c. Who was the other party?

d. Was the matter resolved?

  i. If so, how long ago did this happen?

e. What was the outcome?

f. How did you feel about the outcome?

  i. Why?

g. How did it affect you?

h. In light of that experience, do you feel that our system of civil justice is fair?

i. In light of that experience, do you feel that our system of civil justice awards damages appropriately?

j. How, if at all, do you think the experience would affect your ability to serve as a juror?

75. Have you ever served on a jury before?

a. If so, when?

b. What type of case?

c. Did you deliberate and reach a verdict?

d. Was there anything about your jury experience that left you with any kind of feeling about the legal profession or court system?

e. How, if at all, do you think the experience would affect your ability to serve as a juror?

76.     Have you ever been a witness in any lawsuit or other legal proceeding, including being deposed or testifying before an administrative body?

   a.   If so, what were the circumstances?

   b.   How did you feel about that experience?

   c.   How, if at all, do you think the experience would affect your ability to serve as a juror?

77.     Have you ever been involved in a criminal legal proceeding?

   a.   How was the matter resolved?

   b.   Has the fact that you were involved in the judicial system affected the way you regard the courts, lawyers or parties to the lawsuit?

**E.  ATTITUDES CONCERNING DAMAGES**

78.     Do you think people are too eager to use courts to resolve their problems?

   a.   If so, why do you have such a belief?

79.     Do you think it is appropriate to give people financial compensation for injuries they have suffered?

80.     Do you have any opinions regarding compensating a plaintiff for emotional distress in litigation?

81.     Do you have any opinions regarding compensating a plaintiff for the long-term effects of past conduct?

82.     Do you think it is appropriate for jurors to decide cases involving large sums of money?

**F.  QUESTIONS CONCERNING ISSUES IN THIS CASE**

83.     Do you, a close friend, or a family member have a chronic illness?

    a. If so, do you think the circumstances of that experience may affect your ability to render a verdict fairly and impartially?

84. Do you, a close friend, or a family member have multiple sclerosis?

    a. Who was it?

    b. Did they have to take any time off?

    c. Did they have any problems at their job because they had multiple sclerosis?

    d. If you or someone you know has had multiple sclerosis, do you think the circumstances of that experience may affect your ability to render a verdict fairly and impartially?

85. Do you have any personal feelings about whether employers should be prohibited from treating employees with disabilities differently?

86. Do you have any personal feelings about whether employers should be required to provide accommodations for employees with disabilities?

87. Do you have any personal feeling about whether employers should be required by law to accommodate employees whose disability may slow down the pace of their work?

88. Do you have any personal feelings about whether people with multiple sclerosis are able to work?

89. Do you have any personal feelings about people with disabilities?

    a. Describe those feelings.

    b. Do you think these feelings would affect your ability to fairly and impartially render a verdict?

90. Do you have any personal feelings about people with multiple sclerosis?

    a. Describe those feelings?

     b. Do you think these feelings would affect your ability to fairly and impartially render a verdict?

91. Do you think people with disabilities exaggerate their conditions to get favorable treatment or benefits?

92. Do you think people with disabilities use their disability as an excuse for being unable to perform at work?

93. Do you think it is possible for an employee to be discriminated against because the employee has a disability?

94. Have you ever heard anyone use inappropriate comments in the workplace regarding people with disabilities?

     a. If so, what were the circumstances?

     b. How did you react?

95. Do you have any personal feelings concerning whether employers should be prohibited by law from treating employees differently because the employee has a disability?

     a. If yes, describe those feelings.

     b. Do you think these feelings would affect your ability to fairly and impartially render a verdict?

96. Do you have any personal feelings concerning whether employers should be permitted to fire someone who has multiple sclerosis if the supervisor if worried it will affect the employee's work?

     a. If yes, describe those feelings.

     b. Do you think these feelings would affect your ability to fairly and impartially render a verdict?

97. Do you have any personal feelings concerning whether employers should be permitted to fire someone who has multiple sclerosis if the supervisor if the supervisor is worried that the employee will miss a lot of time or will work slower because that employee has multiple sclerosis?

    a. If yes, describe those feelings.

    b. Do you think these feelings would affect your ability to fairly and impartially render a verdict?

98. Do you believe that if an employee complains about potential discrimination to a manager or Human Resources, the employer is likely to react negatively towards that employee?

99. Do you have any personal feelings about whether employers should be prohibited from treating employees differently because they have complained about discrimination?

### G. GENERAL INQUIRIES

100. Do you belong to any clubs, community organizations, or civic groups?

    a. If so, which ones?

101. Do you regularly read any newspapers, magazines, or other periodicals?

    a. If so, which ones?

102. Do you regularly read books?

    a. If so, what type of books?

103. What television shows do you like to watch?

104. What web sites, if any, do you regularly visit?

105. Do you use social media?

    a. Do you have a Facebook, Twitter, or Instagram account?

    b. How often do you use social media?

106.    If you were a party to this case expecting a fair trial, would you be willing to have a juror with your frame of mind sit on the jury?

107.    Will you be able to follow my instructions on the law even if you may personally disagree with those instructions or think that the law should be different?

**H.  CLOSING QUESTIONS**

108.    Do you know of any reason why you should not be a juror in this case? If yes, please explain.

109.    Do you know of any reason that would prevent you from fairly considering the evidence in this case and reaching an impartial result? If yes, please explain.

Dated: New York, New York
          April 9, 2021

                                      VLADECK, RASKIN & CLARK, P.C.

                        By:      _/s Anne L. Clark_____
                                      Anne L. Clark
                                      Emily Miller
                                      Attorneys for Plaintiff
                                      565 Fifth Avenue, 9th Floor
                                      New York, New York  10017
                                      (212) 403-7300