UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LYNDA G. DODD,

                              Plaintiff,

                    -v-

CITY UNIVERSITY OF NEW YORK,
VINCENT BOUDREAU, BRUCE CRONIN,
and JOHN KRINSKY,

                              Defendants.

---

17 Civ. 9932 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court having been advised by the parties that all claims asserted herein have been

settled in principle, Dkt. 212, it is ORDERED that the above-entitled action is hereby dismissed

and discontinued without costs, and without prejudice to the right to reopen the action within 30

days of the date of this Order if the settlement is not consummated. The trial scheduled in this

case for June 30, 2021, and the final pretrial conference scheduled for this afternoon at 2:30 p.m.,

are hereby adjourned *sine die*. The Court adjourns those dates having discussed with the parties

that, in light of the current public-health situation, the central scheduling for jury trials that remains

necessary in this District, and the parties' estimation that this trial will take between two and

three weeks, it is possible that the Court will not be able to schedule another three-week jury trial

in this case in the foreseeable future. The Court thus issues this Order on the understanding—

expressed in its prior order, Dkt. 213, and confirmed with all counsel during a teleconference this

morning—that, should settlement fall through and any party file an application to reopen this

case, the Court cannot guarantee that the parties will be able to try this case to a jury.

To be clear, any application to reopen must be filed within 30 days of this Order; any application to reopen filed thereafter may be denied solely on that basis. Further, if the parties wish for the Court to retain jurisdiction for the purposes of enforcing any settlement agreement, they must submit the settlement agreement to the Court within the same 30-day period to be "so ordered" by the Court. Per Paragraph 4(C) of the Court's Individual Rules and Practices for Civil Cases, unless the Court orders otherwise, the Court will not retain jurisdiction to enforce a settlement agreement unless it is made part of the public record. Any proposed order approving the settlement agreement that seeks the Court's continued jurisdiction should either (1) expressly state that the Court retains jurisdiction to enforce the agreement or (2) incorporate the terms of the settlement agreement in the order.

The Court again congratulates the parties on reaching this outcome, thanks counsel for their collegial, professional, vigorous, and effective advocacy, and wishes all well.

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Paul A. Engelmayer
_____
PAUL A. ENGELMAYER
United States District Judge

Dated: June 21, 2021
New York, New York